# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-3135 (TNM) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

Pursuant to this Court's minute Order dated September 11, 2020, the Parties, Gun Owners of America, Inc., ("Plaintiff") and United States Department of Justice ("Defendant") jointly file this Status Report to the Court and respectfully state as follows:

1. At issue in this Freedom of Information Act ("FOIA") lawsuit is a FOIA request submitted by Plaintiff to Defendant's "Mail Referral Unit" (MRU), seeking records related to the "Privacy Policy" contained on Defendant's website. Defendant's Privacy Policy, states that "[a]lthough the primary purpose of automatically collecting this kind of information is not to track individuals who visit this site, in certain circumstances and consistent with Federal law, the Department may take additional steps to identify you using this information and may share this information, including your identity, with other agencies."[1] Plaintiff's request seeks:

> (1) Records identifying the "additional steps" DOJ takes to identify some visitors;
> (2) Records describing what additional "information" is collected;
> (3) Records identifying the "other agencies" (including federal, state, local, and international government agencies and/or nongovernmental groups) with whom information is shared;
> (4) Records identifying the number of individuals about whom DOJ has collected this "information"; and
> (5) Records describing the purpose(s) for which this information is collected and used.

---

[1] https://www.justice.gov/doj/privacy-policy

2. In the last Joint Status Report, the Parties informed the Court that a disagreement has arisen between the parties that may require resolution by the Court. ECF No. 13. The Parties requested that the Court allow the Parties to prepare and submit position statements to be included in the next Joint Status Report. *Id.* In response to the Parties' request, the Court ordered that the Parties submit a further Joint Status Report on or before December 18, 2020. Minute Order dated December 11, 2020.

3. Plaintiff's Position:

Plaintiff filed its FOIA request with Defendant 18 months ago, and litigation commenced in October of 2019. Since then, the parties have filed seven Joint Status Reports (ECF # 7-13), with Plaintiff first agreeing to narrow the time frame of records to be searched, and the parties subsequently agreeing to significant periods of time for Defendant to process and produce records.

On March 19, 2020, Defendant produced 6 pages of records to Plaintiff. Subsequent to the parties' discussions, Defendant made a later 10-page production of records on July 16, 2020. Based on the 16 total pages of records provided by Defendant, it became evident that other law-enforcement components within DOJ likely hold records responsive to Plaintiff's request.

However, since Defendant's second production was made, this case has stalled for six months. Although the parties have generally agreed on how to proceed up to this point, they now disagree on two issues.

**First**, as recounted in the parties' JSR of September 10, 2020, the parties had agreed on a three-month period during which DOJ would re-refer Plaintiff's FOIA request to three additional DOJ components (FBI, DEA, and ATF), one or more of which likely houses responsive records. ECF #12, ¶ 2. It was the parties' mutual understanding that these components could process and produce documents prior to the JSR filed December 10, 2020 JSR.

However, that did not happen. Counsel for the parties have now discovered that, due to administrative error, this re-referral never occurred. *DOJ did not make the re-referrals it agreed to make.* DOJ now reports that it has finally made those promised re-referrals.

Defendant attempts to cover its tracks by claiming that this re-referral was "at its discretion" and "in good faith." Regardless of whether that is true, the fact remains that Defendant did not do what it agreed it would do.

Defendant also misdirects, claiming that is not incumbent upon the Office of Information Policy ("OIP") or Justice Management Division ("JMD") to re-refer Plaintiff's FOIA. But Plaintiff did not submit its request to OIP or JMD, but rather to main DOJ through its Mail Referral Unit ("MRU"). It was MRU (not Plaintiff) which decided to refer Plaintiff's request to OIP and JMD. Likewise, it is DOJ/MRU which has the duty to re-refer Plaintiff's request to the appropriate components.

Defendant reports that it has finally re-referred Plaintiffs request as agreed, but does not propose any deadline by which to complete those referrals. Rather, Defendant asks for dispositive briefing.. Plaintiff requests that, in order to ensure DOJ does what it already promised to do, this Court order DOJ to ensure that the agreed re-referrals to its components are processed quickly, and order that production of responsive documents occur by a date certain, no later than January 18, 2021.

**Second**, it is Defendant's position that its agreement to re-refer Plaintiff's request to FBI, DEA, and ATF is entirely voluntary, and was not covered by Plaintiff's original FOIA request. Thus, Defendant posits that Plaintiff will not be able to challenge any withholdings or redactions in records produced from the re-referrals.

On the contrary, the FBI, DEA, and ATF are all "components" within the Department of Justice, the Department to which Plaintiff made its FOIA request. Contrary to Defendant's attempt

to artificially cabin the scope of this matter, this case does not involve merely "the responses made by OIP and JMD," but rather involves Plaintiff's FOIA request and subsequent litigation against DOJ. Indeed, Plaintiff's FOIA request was submitted to the Department of Justice via its "Mail Referral Unit"[2] (Compl. Exhibit A), the FOIA office within DOJ that determines which components[3] may hold responsive records, and refers a FOIA request to appropriate components. DOJ explicitly lists the FBI, DEA, and ATF as components to which MRU refers FOIA requests,[4] and Defendant cannot reasonably argue those components are outside Plaintiff's FOIA request to DOJ.

Defendant responds by citing 28 C.F.R. Section 16.3(a)(1) for the idea that it has a "decentralized system for responding to FOIA requests." Indeed, *that is one way to do it* – to submit a FOIA request *specifically* to the component that houses responsive records. Yet the very next section of the regulation, Section 16.3(a)(2), is *the other way to do it* – by sending a FOIA request *generally* to the MRU, which "will forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." This is how Plaintiff submitted its FOIA request, and Plaintiff is entitled to have its FOIA sent to *all* DOJ components that likely house responsive records.

"Agencies have 'an obligation under FOIA to conduct an adequate search for responsive records….." *Stein v. CIA*, 454 F. Supp. 3d 1, 15 (D.C. Cir. 2020) (citation omitted). Moreover, "evidence that relevant records have not been released may shed light on whether the agency's search was indeed inadequate." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Tellingly, Defendant does not dispute that the FBI, DEA or ATF likely house responsive records. In

---

[2] "If you believe that DOJ maintains the records you are seeking, but you are uncertain about which component has the records, you may send your request to the Department's Mail Referral Unit." https://www.justice.gov/oip/make-foia-request-doj

[3] "DOJ is organized into a number of bureaus, divisions, offices, and boards, which are referred to as "components." https://www.justice.gov/oip/make-foia-request-doj

[4] https://www.justice.gov/agencies/alphabetical-listing-components-programs-initiatives

other words, this is not a case involving the adequacy of an agency's searches, because here DOJ admits additional responsive records likely exist. As Defendant admits, information about additional records "came to light as a result of information located during Defendant's search." That should have notified Defendant that its initial searches were inadequate.

To be sure, MRU may not *initially* have been aware that the FBI, DEA or ATF hold responsive records. But once DOJ's initial search indicated that additional records at other components likely exist, it is incumbent upon DOJ to search *any* component within its umbrella that might reasonably hold responsive records. Indeed, as noted above, DOJ already agreed to do this, but failed to follow through on that agreement. Likewise, Plaintiff should be permitted to contest *all* withholdings and redactions made by DOJ, not just the DOJ components that Defendant prefers.

4. Defendants' Position:

In the FOIA context, the Department of Justice ("Department" or "DOJ") has a decentralized system for responding to FOIA requests, with each component generally responsible for processing records only from that component in response to FOIA requests made to it. *See* 28 C.F.R. § 16.3(a)(1). Under this system, requesters "should write directly to the FOIA office of the component that maintains the records being sought." 28 C.F.R. § 16.3(a)(1). To assist would-be requesters in directing their FOIA requests to the right component(s), the Department makes available various resources that "can all be used by requesters to determine where to send their requests within the Department." *Id*. For example, the Department's FOIA Reference Guide "contains descriptions of the functions of each component and provides other information that is helpful in determining where to make a request." *Id*. For a requester who still does not know which component to contact, the MRU serves as something of an administrative backstop, forwarding (but not processing) "the request to the component(s) that it determines to be most likely to maintain the records that are sought." 28 C.F.R. § 16.3(a)(2).

Plaintiff's FOIA request, in effect, seeks information that would explain a provision of the "Privacy Policy" contained on Defendant's website.  In this instance, MRU routed Plaintiff's request to the Department's Office of Information Policy ("OIP"), which in turn processes FOIA requests on behalf of the Office of Privacy and Civil Liberties ("OPCL").  As noted on the Department's Website Privacy Policy webpage, which Plaintiff's request cited to, OPCL manages and oversees the Department's Privacy Program.  During the course of this litigation, Plaintiff specified that it, in part, seeks records from the time-period of October 1, 2001 to March 31, 2002.  OPCL was not created until 2006, however, so at its discretion, OIP reached out to the Justice Management Division ("JMD"), as JMD was the component involved in overseeing the DOJ Website Privacy Policy in 2001, to try to provide a more complete response to Plaintiff's request.

OIP issued its final response to Plaintiff on March 19, 2020 and JMD issued a supplemental response on July 16, 2020. Subsequent to OIP's response, Plaintiff asked Defendant certain questions regarding OIP's response and the Department's Privacy Policy. While under no obligation to do so, Defendant prepared a response on April 24, 2020, which, in part, explained to Plaintiff the decentralized nature of the DOJ's FOIA program, and why the MRU routed the request to OIP. Defendant also explained that "JMD possesses records of Department of Justice components requesting the automatically collected information on visits to public websites hosted on web servers controlled by JMD.  However, JMD is not involved in the 'additional steps' these components might then take to identify visitors using this information. Therefore, these components, rather than JMD, are the primary repositories of records regarding what specific additional 'information' they collect, whether or not these components share that information with 'other agencies,' how many specific individuals on which the components collect the additional information, and for what specific purposes these components use any additional information they collect by way of the automatically collected information."

On May 6, 2020, Plaintiff sent a follow up letter, in part requesting that Defendant search the components identified as having made requests to JMD for such automatically collected information in the records Defendant produced.  Again, Defendant responded on June 3, 2020, in part, noting that the Department "has a decentralized system for responding to FOIA requests, with each component generally responsible for processing records only from that component in response to FOIA requests made to it.  *See* 28 C.F.R. § 16.3(a)(1) . . .  Neither the FOIA nor the Department's FOIA regulations require OIP or JMD to further route Plaintiff's requests to the DOJ components identified as a result of any records located during these searches.  Should Plaintiff be interested in records in the possession of these DOJ components, Plaintiff should make a FOIA request directly to them."

In advance of the September 10, 2020 Joint Status Report, Plaintiff again requested that Defendant route Plaintiff's request to certain specified components of the Department of Justice, that Plaintiff had identified based on the productions made by OIP and JMD, specifically: the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), the Federal Bureau of Investigation (FBI), and the Drug Enforcement Administration (DEA).  In yet another good faith attempt to resolve the outstanding issues in this case, Defendant, at its discretion, decided to ask the MRU to forward copies of Plaintiff's request to those components identified by Plaintiff.  Contrary to Plaintiff's representation that "[i]t was the parties' mutual understanding that these components would process and produce documents prior to the JSR filed December 10, 2020 JSR," Defendant clearly indicated to Plaintiff, in an email dated September 9, 2020 "that neither MRU nor the Department of Justice (or any of the defendants in the present civil action) intend the referral to be a concession or other evidence that Plaintiff's FOIA request should have been routed to those components originally, nor may Plaintiff argue that the referral satisfies 'constructive exhaustion' for the purpose of immediately filing a civil action (or amending the present matter) without waiting for the statutory period for a response to a FOIA request."  Despite an administrative delay, and contrary to Plaintiff's

7

representations in the Plaintiff's Position, *supra*, MRU forwarded copies of Plaintiff's request to ATF, FBI, and DEA prior to the December 10, 2020 Joint Status Report.

The shortcomings of Plaintiff's Position are two-fold.  First, contrary to Plaintiff's contention, the MRU is not responsible for forwarding requests to every Department component that Plaintiff believes is likely to have responsive records; it has the far more manageable task of making an administrative decision as to which component(s) "it determines" are "most likely" to have responsive records and sending the requests there for processing. 28 C.F.R. § 16.3(a)(2). Defendant's position is that MRU's decision in this case was proper.  Nothing contained within the four corners of Plaintiff's request indicated that ATF, FBI, or DEA likely possessed records responsive to Plaintiff's request; those components' possible possession of records desired by Plaintiff only came to light as a result of information located during Defendant's search.  By contrast, Plaintiff's request did expressly seek records about the administration of the Department's Privacy Policy.  Because OPCL administers the Department's Privacy Program, the MRU properly determined that OPCL would be the component "most likely" to maintain responsive records. Further, because OIP processes FOIA requests on behalf of OPCL, the MRU routed the request to OIP for processing.

Second, Plaintiff's attempt to impose a "re-referral" obligation on Defendant based on information learned from the records produced in this case, has no basis of support in the FOIA or the Department's regulations.  If sending a FOIA request to any one component of the Department triggered a responsibility to search all components that records located in an initial search of the first component suggested might also possess responsive records, this would completely undermine the Department's "decentralized system for responding to FOIA requests, with each component designating a FOIA office to process records *from that component*" 28 C.F.R. § 16.3(a)(1) (emphasis added).  As such, Defendant's position is that ATF, FBI, and DEA's processing of Plaintiff's request

are not properly the subject of this civil action, nor is it fair for Plaintiff to ask that this Court to order a separate component of DOJ to respond to Plaintiff's FOIA request by a certain date, when Plaintiff did not identify them in the Complaint and Defendants dispute whether they are even properly in this case.

The civil action currently before this Court involves the responses made by OIP and JMD. Neither office has control over the FOIA Offices of the ATF, FBI, nor DEA. Nevertheless, throughout this litigation, Defendant has gone the extra mile, reaching out to JMD, responding to Plaintiff's follow up questions to provide additional transparency about the operation of the Department beyond what is reflected in the released portions of the responsive records, and voluntarily forwarding Plaintiff's request to other components Plaintiff was interested in, despite having no obligations under the FOIA to do any of these things. Defendant stands by its processing. Defendant requests that the Court order that the parties confer and agree to a dispositive motions briefing schedule to propose to the Court.

DATED: December 18, 2020                           Respectfully submitted,

                                                   MICHAEL R. SHERWIN
                                                   Acting United States Attorney

 */s/ Robert J. Olson*                        .    DANIEL F. VAN HORN, D.C. Bar # 924092
ROBERT J. OLSON, D.C. Bar # 1029318                Chief, Civil Division
WILLIAM J. OLSON, D.C. Bar # 233833
JEREMIAH L. MORGAN, D.C. Bar # 1012943
William J. Olson, P.C.
370 Maple Avenue West, Suite 4                     BY:    */s/ Darrell C. Valdez*            .
Vienna, VA 22180-5615                              DARRELL C. VALDEZ, D.C. Bar # 420232
703-356-5070                                       Assistant United States Attorney
wjo@mindspring.com                                 United States Attorney's Office
                                                   Civil Division
                                                   555 4th Street, N.W.
*Counsel for Plaintiff*                            Washington, D.C. 20530
                                                   (202) 252-2507
                                                   darrell.valdez@usdoj.gov

                                                   *Counsel for Defendant*