**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-cv-3135 (TNM) |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's minute Order dated December 23, 2020, the Parties, Gun Owners of America, Inc., ("Plaintiff") and United States Department of Justice ("Defendant" or "DOJ") jointly file this Status Report to the Court and respectfully state as follows:

1. At issue in this Freedom of Information Act ("FOIA") lawsuit is a FOIA request served by Plaintiff upon Defendant seeking records related to the "Privacy Policy" contained on Defendant's website.

2. Plaintiff submitted its FOIA request to the DOJ FOIA/PA Mail Referral Unit ("MRU"), which routed it to the DOJ Office of Information Policy ("OIP"), which in turn processes FOIA requests on behalf of the Office of Privacy and Civil Liberties ("OPCL"). While processing Plaintiff's request, OPCL noted that Plaintiff's request sought records from the time-period of October 1, 2001 to March 31, 2002, and that OPCL was not created until 2006. Accordingly, OIP reached out to the Justice Management Division ("JMD"), as JMD was the component involve in overseeing the DOJ Website Privacy Policy in 2001, to try to provide a more complete response to Plaintiff's request.

3. On March 19, 2020, Defendant produced six pages of records to Plaintiff. The Parties

subsequently agreed that Defendant would produce an additional two "email trails" that were referenced in the production, and Defendant made a subsequent 10-page production of records on July 16, 2020.

4. Upon reviewing the records provided by Defendant, Plaintiff noted that other law-enforcement components within DOJ, namely the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), and the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), might hold records responsive to Plaintiff's request.  Accordingly, Plaintiff requested that the FOIA request be referred to those components of the DOJ.

5. In response to Plaintiff's request for a referral, Defendant agreed to refer Plaintiff's FOIA request to FBI, DEA, and ATF.  Unfortunately, it was not until December that Defendant discovered that the referral had not been issued due to an administrative error.  MRU eventually sent the referral to FBI, DEA, and ATF on December 10, 2021.

6. On December 23, 2020, this Court issued a Minute Order for the parties to provide the Court with a Joint Status Report on the processing of Plaintiff's request on February 22, 2021, and every 60 days thereafter.

7. Defendant has confirmed that the identified components of the DOJ have Plaintiff's FOIA request and have been informed that the matter is presently in litigation before this Court. Defendant reports that the searches have been slowed by the fact that the components have hundreds of FOIA matters in litigation, many of which have monthly responses due, and that each component is operating with drastic reduction in staffing caused by the COVID outbreak and the work from home orders.  For example, the FBI has over 350 pending FOIA lawsuits, with roughly 70 cases having monthly responses due, and is operating at less than 50% staffing/capacity.  This makes searching and processing especially difficult for these agencies because their FOIA work is performed on secured servers that can only be accessed from the office.

8.      With the above constraints, the DEA and ATF anticipate that they will have a page count and be able to begin the processing of potentially responsive documents by the next Joint Status Report in 60 days. The FBI anticipates that it will have a page count in 90 days, and be able to begin processing at that time.

Pursuant to this Court's Order, the Parties will file a Status Report in 60 days, or on or before April 23, 2021, informing the Court of the progress of the processing of Plaintiff's FOIA request.

DATED: February 22, 2021

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

 /s/ Robert J. Olson              .
ROBERT J. OLSON, D.C. Bar # 1029318
WILLIAM J. OLSON, D.C. Bar # 233833
JEREMIAH L. MORGAN, D.C. Bar # 1012943
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070
wjo@mindspring.com

*Counsel for Plaintiff*

BRIAN HUDAK
Acting Chief, Civil Division


BY:    /s/ Darrell C. Valdez           .
DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2507
darrell.valdez@usdoj.gov

*Counsel for Defendant*