UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., *Plaintiff*, v. U.S. DEPARTMENT OF JUSTICE, *Defendant*. | Civil Action No. 19-3135 (TNM) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Gun Owners of America sued the Department of Justice (the "Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the Department's response to Plaintiff's FOIA request. The Department has satisfied all its obligations with respect to Plaintiff's request. The Department conducted an adequate search for responsive records and has released all the records to which Plaintiff is entitled under FOIA. As there are no material facts genuinely in dispute, the Department respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment as to all claims asserted against it. The enclosed memorandum of points and authorities, statement of facts, and supporting declaration, establish that the Department is entitled to the relief sought.

\* \* \*

Dated: March 31, 2023
    Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> *Defendant*. | Civil Action No. 19-3135 (TNM) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Defendant the U.S. Department of Justice (the "Department") respectfully submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

1. On June 11, 2019, Plaintiff submitted a FOIA request to the Department's FOIA/PA Mail Referral Unit. Bender Decl. ¶ 6, Ex. A.

2. The request sought records relating to the Department's Privacy Policy as stated on the Department's website, as well as records describing the additional information collected and the uses thereof. *Id.*

3. Specifically, the request sought:

    a. Records identifying the "additional steps" the Department takes to identify visitors to its website;

    b. Records describing what additional "information" is collected;

    c. Records identifying the "other agencies" (including federal, state, local, and international government agencies and/or nongovernmental groups) with whom information is shared;

      d.   Records identifying the number of individuals about whom DOJ has collected this "information"; and

      e.   Records describing the purpose(s) for which this information is collected and used. *Id.*

4.    The Department's Mail Referral Unit routed Plaintiff's request to several component agencies, including the Federal Bureau of Investigation ("FBI"), which received the request in August 2020. Bender Decl. ¶ 6 n.1.

5.    On May 20, 2021, the FBI acknowledged receipt of the request and assigned it tracking number 1497063-000. *Id.* ¶ 7, Ex. B. The FBI also advised Plaintiff that it had reviewed 15 pages of responsive records, which it produced subject to withholdings on one page pursuant to FOIA Exemption 7(E). *Id.* The FBI Bates-numbered the production consecutively as FBI(19-cv-3135)-1 through FBI(19-cv-3135)-15. *Id.*

6.    On October 18, 2019, Plaintiff filed the instant lawsuit. ECF No. 1.

\* \* \*

Dated: March 31, 2023
    Washington, DC

                                       Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> *Defendant*. | Civil Action No. 19-3135 (TNM) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

This case involves a Freedom of Information Act ("FOIA") request submitted by Plaintiff to Defendant the U.S. Department of Justice (the "Department"). The Department, through its component agencies, undertook appropriate efforts to search for and provide all reasonably segregable records. In particular, the Federal Bureau of Investigation ("FBI") has withheld only information that is properly exempt from release under 5 U.S.C. § 552(b)(7)(E). As explained herein, in the attached Statement of Facts, declaration of Joseph E. Bender, Jr. ("Bender Decl."), and the exhibits thereto, no questions of material fact remain, and the Department is entitled to judgment as a matter of law.

**STATEMENT OF FACTS**

On June 11, 2019, Plaintiff submitted a FOIA request to the Department's FOIA/PA Mail Referral Unit. Bender Decl. ¶ 6, Ex. A. The request sought records relating to the Department's Privacy Policy as stated on the Department's website, as well as records describing the additional information collected and the uses thereof. *Id.* Specifically, the request sought:

1. Records identifying the "additional steps" the Department takes to identify visitors to its website;
2. Records describing what additional "information" is collected;

   3. Records identifying the "other agencies" (including federal, state, local, and international government agencies and/or nongovernmental groups) with whom information is shared;
   4. Records identifying the number of individuals about whom DOJ has collected this "information"; and
   5. Records describing the purpose(s) for which this information is collected and used.

*Id.* The Department's Mail Referral Unit routed Plaintiff's request to several component agencies, including the Federal Bureau of Investigation ("FBI"), which received the request in August 2020. Bender Decl. ¶ 6 n.1.

On May 20, 2021, the FBI acknowledged receipt of the request and assigned it tracking number 1497063-000. *Id.* ¶ 7, Ex. B. The FBI also advised Plaintiff that it had reviewed 15 pages of responsive records, which it produced subject to withholdings on one page pursuant to FOIA Exemption 7(E). *Id.* The FBI Bates-numbered the production consecutively as FBI(19-cv-3135)-1 through FBI(19-cv-3135)-15. *Id.* On October 18, 2019, Plaintiff filed the instant lawsuit. ECF No. 1.

On January 27, 2023, the parties appeared at a status conference before this Court to discuss the remaining issues and set a briefing schedule in this matter. *See* Minute Order of January 27, 2023. At that status conference, Plaintiff made clear that the only remaining issue was the FBI's response to Subpart 4 of the request; Plaintiff did not contest the responses of any of the other Department components, nor did Plaintiff contest the production, withholdings, or adequacy of the FBI's search with respect to Subparts 1-3 and 5.

**LEGAL STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must demonstrate an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Benjamin v. Dep't of State*, 178 F. Supp. 3d 1, 3 (D.D.C. 2016), *aff'd*, 2017 WL 160801 (D.C. Cir. Jan. 3, 2017) (quoting *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009)). A defendant is entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See, e.g.*, *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations. *See, e.g.*, *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Santana v. Dep't of Just.*, 828 F. Supp. 2d 204, 208 (D.D.C. 2011); *Allen v. U.S. Secret Serv.*, 335 F. Supp. 2d 95, 97 (D.D.C. 2004).

**ARGUMENT**

Plaintiff has made clear that the only issue remaining between the parties is the FBI's response to Subpart 4 of the request: records identifying the number of individuals about whom the Department has collected the additional "information" contemplated in the privacy policy. Bender Decl. ¶ 6, Ex. A. In other words, Plaintiff is not contesting the adequacy of the FBI's search with respect to Subparts 1-3 or 5, nor is Plaintiff contesting the FBI's withholding and productions in response to those Subparts. Plaintiff also does not contest any portion of the

3

responses and withholdings made by the other Department components.[1]  Finally, Plaintiff specifically notes that they "do not seek identifying records identifying specific individuals about whom [the Department] has collected and/or shared such information."  Bender Decl. Ex. A.

It appears, therefore, that Plaintiff seeks records from the FBI that aggregate or track the number of individuals for whom the additional information is collected.  As the FBI has informed Plaintiff, it does not create or maintain any database or other centralized repository of requests seeking access information for any particular visitor to the FBI's website.  Bender Decl. ¶¶ 14-15.  In fact, the FBI collects basic information, including pages visited, date/time of access, and Internet Protocol ("IP") address for every visitor to the FBI's website.  Bender Decl. ¶ 17.  Should a Special Agent request it, that information can then be provided, permitting the Special Agent to review it to search for any particular IP address or browsing pattern that the Special Agent may find relevant to their ongoing investigation.  Bender Decl. ¶¶ 17-18.  In other words, as the FBI has made clear, the "number of individuals about whom [the FBI] has collected" information has been provided and is equal to the number of visitors to the FBI's website.

Under FOIA, an agency is obligated to conduct a search that is "reasonably calculated to uncover all relevant documents."  *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983); *see also Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."); *Media Rsch. Ctr. v. Dep't of Justice*, 818 F. Supp. 2d 131, 137 (D.D.C. 2011).  A reasonable search is one that covers

---

[1] The request was routed to, among others, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, the Department's Office of Information Policy, and the Department's Justice Management Division.

those locations where responsive records are likely to be located.  *Oglesby*, 920 F.2d at 68.  To satisfy its obligation, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Id*.

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith.  *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).  "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).  FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place.  *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978).  Nor does FOIA require that an agency search every record system.  *Oglesby*, 920 F.2d at 68.

Here, the FBI first determined that a search of its Central Records System would not be useful, as there were no subjects or investigations identified in the request; indeed, Plaintiff specifically disavowed any interest in records relating to specific individuals.  Bender Decl. ¶¶ 8-11.  The FBI therefore reached out to divisions and units within the FBI who were reasonably likely to maintain any responsive records, including the Privacy and Civil Liberties Unit, the Office of Public Affairs, the Internet Operations Unit, the Enterprise Security Operation Center within the Information Technology Enterprise Services Division, and the Insider Threat Office, as well as the management team that oversees the FBI's website.  Bender Decl. ¶¶ 11-17.

Each of these divisions provided negative responses with respect to Subpart 4 of the request, noting that there are no centralized databases, logs, or other means of tracking requests of the website visit information at issue in the request. *Id.* In particular, the Office of Public Affairs noted that the only thing that was preserved were "data logs that record daily entries to the FBI's website" and the only thing provided in response to a request from a Special Agent would be "a list of only IP addresses that accessed a particular FBI.gov webpage, leaving it to the [Special Agent] to review the list for leads." *Id.* ¶¶ 14, 18. The details on the types of information collected have already been produced in response to the request. *Id.* ¶ 20. The FBI has therefore fully produced all responsive records after a reasonable search, including with respect to Subpart 4.

Because "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate," the FBI has clearly demonstrated that its search was adequate. *Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The process of conducting an adequate search for documents requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise," and it is "hardly an area in which the courts should attempt to micromanage the executive branch." *Schrecker v. Dep't of Just.*, 349 F.3d 657, 662 (D.C. Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff misses the point to the extent it seeks to have the FBI run additional searches to find any possible emails in which a Special Agent requests the IP address details as described above and in the declaration. First, the FBI's affidavit demonstrates how the FBI's search was reasonable and thorough, and there is no requirement that the FBI expend unnecessary time and energy searching more broadly if it has determined that such a search is unlikely to result in

responsive records.  *Kowalczyk*, 73 F.3d at 388; *Oglesby*, 920 F.2d at 68.  Second, even if such a search resulted in an email request as Plaintiff believes, that record would be nonresponsive and outside the scope of the request:  such a record would be, if anything, a record identifying a specific individual and not a record "identifying the number of individuals about whom" the Department collects information.

As the FBI—and therefore the Department—have satisfied their burden of demonstrating that they conducted a "reasonable" search in response to Plaintiff's request, summary judgment is appropriate.  *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986) ("[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request.").

\*     \*     \*

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant summary judgment in its favor as to all claims against it in this case.

Dated: March 31, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> *Defendant*. | Civil Action No. 19-3135 (TNM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, the memorandum of points and authorities in support thereof, any opposition thereto, any reply, and the entire record herein, it is this ____ day of _____, 2023,

ORDERED that Defendant's Motion for Summary Judgment is GRANTED; and it is further

ORDERED that summary judgment law is hereby entered in favor of Defendant on Plaintiff's claims in this action.

_____
UNITED STATES DISTRICT COURT JUDGE