UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., *Plaintiff*, v. U.S. DEPARTMENT OF JUSTICE, *Defendant*. | Civil Action No. 19-3135 (TNM) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LIMITED DISCOVERY**

Defendant the U.S. Department of Justice (the "Department") respectfully submits this combined reply in support of its pending motion for summary judgment (ECF No. 32) ("Motion") and opposition to Plaintiff's cross-motion for summary judgment and motion for limited discovery (ECF No. 33) ("Cross-Motion").

Plaintiff offers nothing more than unfounded speculation and irrelevant details regarding responses by other agencies in an attempt to force the Federal Bureau of Investigation ("FBI") to produce nonresponsive documents. Because nothing in Plaintiff's Cross-Motion suffices to overcome the presumption of good faith that the FBI has conducted a reasonable search for records, this Court should deny the Cross-Motion and instead grant the FBI's Motion and find that the FBI has met its burden.

As an initial matter, the FBI notes that the parties agree on the material facts and the limited scope of the issues that remain. Cross-Mot. at 3. In other words, there are no disputes of material fact among the parties, and no material issues that arise from the responses by other Department components.

**ARGUMENT**

I. <u>**The FBI's Search and Response Were Adequate**</u>

The only issue before the Court, as the parties have agreed, is whether the FBI's response to subpart 4 of Plaintiff's FOIA request was sufficient. That subpart seeks "[r]ecords identifying the number of individuals about whom [the Department] has collected this 'information.'" Cross-Mot. at 4. "Information," in turn, is defined in the Department's Privacy Policy as

- The name of the internet domain (for example, "xcompany.com" if you use a private Internet access account, or "yourschool.edu" if you are connecting from a university's domain);

- The Internet Protocol (IP) address (a number that is automatically assigned to your computer when you are using the Internet) from which you access our site;

- The type of browser and operating system used to access our site;

- The date and time you access our site;

- The internet address of the website from which you linked directly to our site; and

- The pages you visit and the information you request.

DOJ Privacy Policy.[1] In other words, the sole remaining issue in this matter relates to the FBI's production of records identifying the number of individuals about whom this basic internet browsing data is collected. And as explained clearly in the Declaration of Joseph E. Bender, Jr. ("Bender Decl.," ECF No. 32-1), ¶ 14, and in the FBI's Motion (Mot. at 4), the FBI collects this information for every single visitor to the FBI's website on a daily basis.

Unsatisfied with this fact, Plaintiff now attempts to alter the nature of the FOIA request, claiming (Cross-Mot. at 10) that "Plaintiff sought the requests themselves," referring to any

---

[1] Available at http://justice.gov/doj/privacy-policy and identical in relevant part to the FBI's Privacy Policy, available at http://fbi.gov/privacy-policy.

request by an FBI Special Agent to obtain the logs for a particular date and site.  A plain reading of the FOIA request shows that this is simply false.  Plaintiff might very well like to see the requests and may in fact have received such requests from other Department components (*see* Cross-Mot. at 9), but that does not mean that the requests are actually the subject of Plaintiff's FOIA request.  In other words, much of Plaintiff's Cross-Motion is an attempt to obtain records that were never sought.

To this end, Plaintiff misstates the FBI's position throughout the Cross-Motion, arguing (Cross-Mot. at 8-9) that the FBI "claims responsive records would not benefit Plaintiff" or (*id.* at 9-11) that the FBI is relying on a straw man.  Not so.  As the FBI makes clear in its Motion (*id.* at 5-6), there are no records that aggregate or identify the number of individuals for whom such information is collected, and any records that relate to an attempt to investigate a particular individual are not within the scope of subpart 4 of Plaintiff's request.

As explained in greater detail in FBI's Motion (Mot. at 5-6), the FBI conducted a thorough internal search, reaching out to numerous divisions and units to determine whether any additional responsive records might exist.  *See* Bender Decl. ¶¶ 11-17.  After conducting that investigation, the FBI determined that there were no responsive records.  Such a search, in this case, is a "reasonable[] effort in light of the specific request" and is therefore adequate for the purposes of summary judgment.  *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).  The adequacy of a search requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise," and it is "hardly an area in which the courts should attempt to micromanage the executive branch."  *Schrecker v. Dep't of Just.*, 349 F.3d 657, 662 (D.C. Cir. 2003) (internal quotation marks and citations omitted).

II. **Plaintiff Has Not Overcome the Presumption of Good Faith**

When, as here, an agency affidavit attests with sufficient detail that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004). At the summary judgment stage, "the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Chambers v. Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009) (quoting *McCready v. Nicholson*, 465 F.3d 1, 14 (D.C. Cir. 2006)). An agency declaration's "presumption of good faith [] cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

Here, Plaintiff has offered this Court nothing but pure speculation. The Cross-Motion is rife with references to documents that "almost certainly exist" (Cross-Mot. at 7, 8) and that "might be found" (*id.* at 13), but it provides no actual evidence. And Plaintiff agrees (*id.* at 2) that there are no material facts in dispute. All that Plaintiff offers is its misapprehension of the FBI's declarant's statements. Plaintiff states:

> The FBI's declaration elsewhere admits that any "requests by Special Agents (SAs) for information on users of the FBI.gov website" would be "in response to line-item four of the request." . . . Thus, FBI FOIA personnel apparently believe that such records would be responsive[.]

Cross-Mot. at 14 (citing Bender Decl. ¶ 14). This is misleading and incorrect by omission. The FBI's declaration actually reads "Furthermore, [the FBI.gov & Internet Operations Unit] stated that no centralized database exists that tracks requests by Special Agents [ ] for information on users of the FBI.gov website in response to line-item four of the request." In other words, all

4

that the FBI's declaration states is that, while information in a centralized database might in theory be responsive to subpart 4—*i.e.*, a search for the "number" of users of the FBI.gov website—no such database exists.

Ultimately, Plaintiff resorts (Cross-Mot. at 13-14) to demanding each and every record in which an FBI Special Agent made a request for information about website visitors. But as explained above, this is not responsive to subpart 4. Even taking Plaintiff's insistence at face value that such a record exists and could reasonably be found, Plaintiff does not provide any explanation as to how a hypothetical email from a Special Agent asking for a list of all IP addresses that visited FBI.gov on a particular day constitutes a "record identifying the number of individuals about whom" the FBI has collected information, even if Plaintiff subsequently performs addition (*cf.* Cross-Mot. at 14). As shown, the "number of individuals" about whom information is collected is the sum of all the visitors to the website.[2]

\*   \*   \*

---

[2] Plaintiff's reliance on productions by other Department components is similarly unavailing—the mere fact that other Department components provided Plaintiff with individual requests does not render those records responsive, nor does it provide any evidence on how an entirely different agency operates. That other agencies elected to make discretionary releases of non-responsive material has no bearing on the adequacy of the FBI's response.

## CONCLUSION

Plaintiff has provided this Court with nothing more than speculations and misstatements to overcome the clear and persuasive facts laid out in the FBI's Motion and Declaration: there are no records responsive to subpart 4 of Plaintiff's FOIA request. This Court therefore should grant the Motion and deny the Cross-Motion.

Dated: May 5, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*